JAMES A. TAGGART, Plaintiff-Appellant, *v.* CENTRAL CONTRACTORS SERVICE, INC., Defendant-Appellee.

Second District   No. 76-306

Opinion filed June 30, 1977.

Francis W. Gulbranson, of Prairie View, for appellant.

Joslyn & Green, of Crystal Lake, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

In the summer of 1972, James A. Taggart, plaintiff-appellant (hereinafter referred to as plaintiff), owned some real estate in Woodstock, Illinois, on which he intended to place a modular house. Towards that end, plaintiff had a foundation poured and the back fill put in.

On July 31, 1972, a crane owned and operated by Central Contractors Service, Inc., defendant-appellee (hereinafter referred to as defendant), was used to place a modular house on the plaintiff's foundation.

At trial, plaintiff showed that prior to July 31, 1972, the foundation had been in good condition. However, after July 31, 1972, the foundation wall was cracked and partially caved-in.

The evidence shows that there was an indentation two to three feet deep, only three to four feet from the foundation wall. The indentation appeared to have been caused by the pad for the defendant's crane.

Plaintiff sued defendant for $6,000 in damages, alleging that defendant's

negligent operation of its crane had caused the damage to the foundation wall.

After plaintiff presented his case based upon the above facts, defendant moved for a directed verdict. The trial court granted the motion and granted a verdict against the plaintiff and in defendant's favor.

Plaintiff appeals.

Plaintiff raises two issues on appeal. We deal first with his contention that he presented sufficient evidence to support a jury verdict rendered in his favor upon a theory of ordinary negligence, and, therefore, the trial court was in error when it directed a verdict against him.

We must agree.

■■ A directed verdict ought be granted "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant, that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■■ Our review of the record forces us to conclude that the *Pedrick* standard was not met. On the evidence presented at trial, we feel a jury might have concluded that the damage to the plaintiff's foundation had been caused by defendant's negligent operation of its crane. Therefore, the trial court erred in ordering a directed verdict, and plaintiff must be given a new trial.

Because we have concluded that a new trial is in order, we need not reach plaintiff's contention that he is entitled to a new trial because he made a prima facie case based on a *res ipsa loquitur* theory.

The cause is remanded to the Circuit Court of McHenry County for a new trial.

Reversed and remanded.

SEIDENFELD and NASH, JJ., concur.